IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY HASKINS, | : | |
| | : | 1:10-cv-2509 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| DOMINICK DeROSE, TOM | : | Hon. Malachy E. Mannion |
| TOOLAN, and LAURA FISHEL, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### July 6, 2011

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 24), filed on March 20, 2011, which recommends that the Motions to Dismiss of Defendants Tom Toolan and Laura Fishel (Doc. 17) and Dominick DeRose (Doc. 21) be granted on the basis that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Objections to the R&R were due by June 24, 2011, and to date none have been filed.[1] Accordingly, this matter is ripe for our review. For the reasons that follow, the R&R will be adopted in its entirety and this matter shall be dismissed.

---

[1] By Order dated June 9, 2011 (Doc. 26), we granted the Plaintiff's Motion for Extension of Time to File Objections. (Doc. 25). Despite being granted an enlargement of time, Plaintiff has failed to file any objections to the R&R.

## I.     BACKGROUND

Plaintiff Anthony Haskins ("Plaintiff" or "Haskins"), currently an inmate at the State Correctional Institution at Camp Hill, Pennsylvania filed this action on December 9, 2010 alleging that he received inadequate medical treatment at the hands of the Defendant. Plaintiff's allegations arise out of a series of dental treatments he received from Defendant Fishel.

Following service of the Complaint, the Defendants filed the above-referenced Motions to Dismiss. (Docs. 17 and 21). Plaintiff never filed an opposition to either Motion. Thus, on May 20, 2011, Magistrate Judge Mannion issued the instant R&R recommending that the Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted. As noted above, none of the parties have interposed objections to the R&R and it is accordingly ripe for review.

## II.    STANDARDS OF REVIEW

### A.    Review of Magistrate Judge's Report

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to

dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d. Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept recommendations." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson,* 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson,* 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

### B.  Rule 12(b)(6) Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim,

items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a).  Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009).  To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 129 S.Ct. At 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility

of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S.Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## III. DISCUSSION

Magistrate Judge Mannion determines that Plaintiff's Complaint fails to state an Eighth Amendment deliberate indifference claim against any of the

Defendants because his allegations simply express his dissatisfaction with the treatment he received and he does not allege conduct on the behalf of the Defendants that rises to the level of deliberate indifference.  It is well-established that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim.  *See Gindraw v. Dendler*, 967 F. Supp. 833, 836 (E.D. Pa. 1997).  A review of Plaintiff's Complaint reveals that he has proffered no substantive allegations that indicate the Defendants' conduct rose to the level of a civil rights violation.  Accordingly, his Complaint fails to state a claim upon which relief can be granted.

    As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case sub judice.  An appropriate Order shall issue.